Battle, J.
 

 The only inquiry which it is necessary for us to make in the present case is, whether a vendee who enters into the possession of a tract of land under a contract of purchase and afterwards fails to pay the price, can, in an action of ejectment by the vendor to recover the land, be treated as a tenant within the meaning of the act contained in the Revised Code, ch. 31, sec. 48. The counsel for the plaintiff contends that he can, and in support ot his argument refers to the case of
 
 Love
 
 v.
 
 Edmondston,
 
 1 Ire., 152, in which such a vendee was held to be a tenant at will to the vendor; and also to the Revised Code, ch. 63, s. 2, in which it is declared “that one let into possession under a contract of purchase, which fails,” shall be liable to the vendor in an action forthe use and occupation of the land. In reply to this argument, the counsel for the defendant insists that the act, first above mentioned, which was originally passed in 'the year 1823, embraces in its language those tenants only who had leases for certain terms of years, and were holding over after their
 
 *490
 
 terms had expired ; that a vendee let into possession under a contract of purchase was not such a tenant, that, indeed, he was not strictly a tenant at will, but only an occupant holding for himself, and not bound or expected to pay any rent for the premises, liable however to be ejected in case he did not fulfil his contract by the payment of the price of the land, and that the last mentioned act could not have the effect to convert him into a tenant, but only to render him responsible for the use and occupation oí the land after he had failed to pay the purchase money.
 

 It is difficult, if not impossible, to resist the force of this reasoning. A vendee, who takes possession of a parcel of land under a contract of purchase, before he has paid the price and taken a conveyance of the title, certainly does not enter as the tenant of the vendor for any certain term of years. He does not stipulate for the payment of rent; on the contrary, he takes the profits of the land for his own use, being responsible to the vendor only for what-remains unpaid of the price, with the interest accrued thereon. He does not therefore come either within the letter or the purview of the act in the 48th section of the 31st chapter of the Revised Code; nor is he brought within by the 2d section of the 63rd chapter, concerning “Landlord and Tenant.” The primary intention of this act is, as its preamble shows, to enable a landlord to recover in an action of
 
 debt
 
 or
 
 on the case
 
 a i-easonable satisfaction for the use and occupation of his land by a tenant, who had entered into possession under a parol agreement; and then the act, in the second place, declares “that one let into possession under a contract of purchase which fails, is within the meaning and purview of this section, and shall be liable for his use and occupation.” The object of the latter part of the act is fully accomplished by compelling a faithless vendee, who has enjoyed the profits of land, for which he has not paid the purchase money, to
 
 *491
 
 make compensation for his use and occupation. It was never intended to convert him into a tenant holding under a certain term, — that is, under a term for years having a certain beginning and a certain ending. He therefore did not come within the letter or the spirit of the Revised Code, ch. 31, s. 48, as contended for by the counsel for the plaintiff.
 

 The judgment must be affirmed, and this opinion must be certified to the court below as the law directs.
 

 Per Curiam. Judgment affirmed.